E-FILED
Tuesday, 09 November, 2004  10:09:13 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 04-10062 |
| | ) |
| JOSE PEREZ-LEON, | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION FOR DETERMINATION OF PROPRIETY
OF COUNSEL'S CONTINUED REPRESENTATION OF DEFENDANT PEREZ-LEON**

The United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and John H. Campbell, Assistant United States Attorney, and hereby requests this Court to make a determination as to whether the current counsel should continue to represent defendant Jose Perez-Leon and in support thereof states as follows:

Facts

1.      Attorney James A. Martinkus entered his appearance on October 26, 2004. Until that time, the defendant had been represented by the Federal Defender's Office.

2.      The defendant is charged with illegally re-entering the United States, after having been deported for conviction of an aggravated felony in Kentucky in 1994. The conviction involved the defendant's use of a false social security number and false immigration documents.

3.      The discovery in this case also shows that in 1999 the defendant, using an alias and false VISA documents, was convicted in federal court in Atlanta, Georgia for attempting to enter the United States illegally at Hartsfield Airport. The defendant was removed from the United States as a result of this conviction.

4.      The discovery also indicates that in 2002, the defendant hired the Martinkus Law Firm to represent him. The defendant sought the firm's assistance in completing and submitting

1

to INS a Form I-485, a request for permanent resident status. (See Ex.1, Attached). Current counsel, Martinkus, is a named partner in that same firm.

5. In that 2002 request, the defendant provided false information in that in Part 3 he denied ever having been arrested, charged or imprisoned for any law violation (Part 3, ¶1). He also falsely stated he had never been deported or removed from the United States (Part 3, ¶9).

6. The false statements in Form 1-485 are federal criminal offenses and give rise to a member of the Martinkus Law Firm being a witness against the defendant, a client of the Martinkus Law Firm.

7. The false statements are evidence of the defendant's criminal intent, modus operandi, scheme, lack of mistake, accident or some innocent explanation of the defendant's presence in the Central District of Illinois in 2004, which presence gives rise to the defendant's pending charge.

8. Additionally, the government may file additional criminal charges against the defendant for the false statements on the I-485 form, which would make the lawyer in the Martinkus firm who worked with the defendant in 2002 a witness at trial of that cause.

9. The discovery in this case contained the Form I-485 documents before attorney Martinkus entered his appearance, but had no apparent significance until it became clear that the defendant utilized a lawyer in the same firm when completing the I-485 form. That lawyer could now be a witness in the pending case in the government's case-in-chief or as a way to rebut any explanation that the defendant may offer at trial as to why he was present within the Central District of Illinois. The lawyer-witness would then be subject to cross-examination by attorney Martinkus. This creates a conflict situation where a law firm is both advocate and witness. Additionally, should additional charges be brought against the defendant for false statements on the I-485 form, the lawyer-witness would be an essential witness in the government's case-in-

chief. Again, the conflict situation would rise with the law firm being both witness and advocate.

    10.    Rule 3.7 of the Illinois Rules of Professional Conduct provides, in part, that:

> (a) A lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client...
> . . . .
> (b) If a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may accept or continue the representation until the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.

Illinois Rules of Professional Conduct.

"That counsel should avoid appearing both as advocate and witness except under special circumstances is beyond question." *United States v. Morris*, 714 F.2d 669, 671 (7th Cir.1983).

The recognized rationales for forbidding counsel to appear as a witness are:

> ... it eliminates the possibility that the attorney will not be a fully objective witness, ... it reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments, ... it reflects a broad concern that the administration of justice not only be fair, but also appear fair...."

*United States v. Ewing*, 979 F.2d 1234 (7th Cir. 1992), citing *United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983).

## Conclusion

The actions of counsel have created a situation whereby a Martinkus law firm attorney is a likely witness at the trial of the cause wherein as attorney Martinkus is the advocate. The problems inherent with an attorney as a witness should be avoided.

WHEREFORE, the government requests that this Court make a determination as to

whether it is appropriate that attorney Martinkus continue to represent defendant Jose Perez-Leon at the trial of this cause.

>Respectfully submitted,
>
>UNITED STATES OF AMERICA
>
>JAN PAUL MILLER
>UNITED STATES ATTORNEY
>
>s/John H. Campbell
>John H. Campbell
>Assistant United States Attorney

Office of the United States Attorney
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Telephone: 309/671-7050

1:04-cr-10062-JBM-JAG    # 10    Page 4 of 5

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that service of the foregoing **GOVERNMENT'S MOTION FOR DETERMINATION OF PROPRIETY OF COUNSEL'S CONTINUED REPRESENTATION OF DEFENDANT PEREZ-LEON** has this 9th day of November, 2004, been made on the attorney listed below by electronic case filing.

>James A. Martinkus
>Attorney at Law
>411 W. University Avenue
>Champaign, IL 61820

><u>s/Margo Scamp</u>
>Margo Scamp
>Legal Assistant